MICHAEL KENNEDY *v.* LESLIE SHAW.

LESLIE SHAW *v.* MICHAEL KENNEDY.

Special Term at Rutland, November, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed December 17, 1910.

*Sales—Scope of Contract—Court's Findings of Fact—Whether Warranted by Evidence.*

Evidence considered, and *held* to warrant the finding of the trial court that a contract of sale of a mow of hay did not provide that the purchaser might keep his cows in the barn till they should eat the hay.

GENERAL ASSUMPSIT. Two cases. The plea in each case was the general issue. Joint trial by court at the March Term, 1910, Rutland County, *Hall,* J., Presiding. Judgment in each

case for Shaw, and Kennedy excepted to each judgment. The opinion fully states the case.

*Ernest H. O'Brien* for Michael Kennedy.

*Thomas Moloney,* for Leslie Shaw.

MUNSON, J.  Early in October, 1909, Kennedy, plaintiff in one of the suits and defendant in the other, bought a farm of which Shaw, the opposite party in both suits, was in possession under a lease which was to expire April first.  Soon after this an arrangement was made under which Kennedy took four cows to the place to be kept by Shaw for their use.  October 26, 1909, while the parties were in a barn on the premises, Kennedy bought of Shaw a mow of hay for $200, paying $100 down and agreeing to pay the balance soon.  Before the parties went to the barn there was some talk in the house about Kennedy's leasing the barn, but no agreement was made; and after the purchase of the hay, but before the parties left the barn, there was a talk about Kennedy's having the use of the barn for keeping his stock while feeding out the hay, in which Shaw told Kennedy that he could have eight stalls for two dollars a month from the time the stock was put in.  The court does not find that an agreement was reached, and says that the talk about the use of the barn, whatever it was, was not a part of the hay contract.

Later, Kennedy obtained Shaw's consent to make certain repairs on the fences, and while this was being done a difference arose between them, and Shaw told Kennedy to take his cattle and get off the place and keep off, which Kennedy did.  The court says the evidence was conflicting as to what was then said, if anything, about the use of the barn, and makes no finding regarding it.  The possession of the premises changed March 31, but the hay is still in the barn and has not been disturbed.  Kennedy sues to recover the $100 paid towards the hay, and Shaw sues to recover the $100 remaining unpaid. The judgments are for Shaw, and Kennedy excepts to both.

Kennedy contested the matter on the ground that there was an agreement for the occupancy of the barn which was a part of the trade in which the hay was bought, and that con-

sequently Shaw's direction that he keep off the premises was a repudiation of the contract of sale. This view of the case is disposed of by the statement of facts, unless the findings which restrict the contract to the purchase of the hay can be successfully impeached upon the case as made up. We have before us a transcript of all the testimony. Kennedy's counsel submitted a request for further findings and a reversal of the ultimate conclusion, and excepted to the court's refusal to find as requested. In connection with the requests, counsel presented a statement of the substance of the evidence of certain witnesses named, and the exceptions refer us to the evidence thus referred to by counsel. It appears from the transcript that the list referred to comprises all the witnesses except two, who were called regarding the testimony of one of the witnesses at a former trial. It is not necessary to heed Shaw's objections to a consideration of the question upon a reference which does not include all the evidence; for, giving Kennedy the benefit of an examination of all the testimony of the witnesses referred to, we find no ground on which the conclusions of the court can be rejected.

The substance of the argument is that the facts reported do not warrant the conclusion that the talk about the use of the barn was not a part of the hay contract, and that it is a fair inference from the findings that when Kennedy purchased the hay he bought it to feed out where the manure was to be used, and upon a mutual understanding that he should have the use of the barn for that purpose. But the question is not one of inference, for the occupancy of the barn was a subject of negotiation, and there was evidence tending to show that the hay transaction was closed before this matter was taken up, and the negotiation as stated by both parties involved an agreement for the payment of a further consideration. It is said also that it is a necessary inference from the findings that the license to use the barn was an inducement to the purchase of the hay, and as such a part of the hay contract. But a license to use the barn is not among the facts found, and an inference of any license connected with the purchase of the hay would be inconsistent with the findings made.

*Judgments affirmed.*